IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00160-REB-MEH

LINDA E. HAITHCOX,

    Plaintiff,

v.

THE GEO GROUP, INC., a Florida corporation,

    Defendant.

## ORDER ON MOTION TO AMEND

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's First Motion to Amend the Scheduling Order to Extend the Discovery Deadline ("Motion to Amend") [doc #25]. The matter is briefed. Oral argument would not materially assist the Court in adjudicating the Motion to Amend. For the following reasons, the Motion to Amend is **denied**.

**A.     Background**

The discovery cutoff in this case was November 1, 2007. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) were served on or about April 24, 2007. Plaintiff's initial disclosures identified John Jones, Mark Freeman and Delisa Matthews as potential witnesses. Response at ¶ 3. On October 17, 2007, Plaintiff's counsel contacted defense counsel by email to arrange depositions for these three potential witnesses (as well as one additional witness later dropped) to take place "in a day to a day and a half." Response, Exh. 1. Plaintiff's counsel stated that he had only October 29 and October 31, 2007 open at that point. *Id.*

Defense counsel arranged to have witnesses Jones and Matthews available on October 31,

2007 (witness Freeman was no longer employed with Defendant). Response, Exh. 2. Due to her work shift schedule, witness Matthews was only available late in the afternoon. *Id.* At Plaintiff's objection to a 4:00 p.m. start time, Defendant suggested a start time of 3:00 p.m. *Id.* Plaintiff's counsel objected, stating that "[m]y wife needs me at home for the tricker [sic] treaters by 6:00 p.m." *Id.* Plaintiff's counsel added, "[i]f that can't happen on that day we will have to reschedule and I will file a motion to amend." *Id.* Defendant responded, "[w]e will not agree to extend the discovery deadline for Halloween trick-or-treater's coming to your house and we do not believe this is a legitimate reason for needing an extension of time." *Id.* Plaintiff eventually concluded:

> I am canceling Mathews [sic] because you can only make her available at 3:00 p.m. If I have to reschedule Matthews I might as well reschedule the other two. If the court does not grant my motion, then discovery will be over.

Response, Exh. 3.

**B.     Analysis**

Because the Motion in this case would require an amendment of the Scheduling Order, the Court employs a two-step analysis. A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.* A failure to timely amend may be excused if due to oversight, inadvertence or excusable neglect. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990).

In this case, Plaintiff requests a thirty-two day extension within which to take the depositions that were canceled on October 31, 2007. Unfortunately, Plaintiff has utterly failed to demonstrate

good cause by failing to show that she was diligent in meeting the Court's deadlines. Plaintiff has known that these deponents would be potential witnesses in this case since mid-April 2007 when she identified them in her own initial disclosures. Therefore, to wait until six months later to arrange these witness' depositions and provide only two available dates, just two weeks before the discovery cutoff, does not demonstrate excusable neglect. Furthermore, Plaintiff's proffered reason for canceling all three depositions on October 31, 2007 is objectively unreasonable under these circumstances.

Therefore, the Court finds that Plaintiff has not established good cause for amending the Scheduling Order to extend the discovery cutoff.

### III. Conclusion

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Plaintiff's Motion to Amend [filed October 25, 2007; doc #25] is **denied**.

Dated at Denver, Colorado, this 13th day of November, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge