IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00160-REB-MEH

LINDA E. HAITHCOX,

    Plaintiff,

v.

THE GEO GROUP, INC., a Florida corporation,

    Defendant.

---

## ORDER CONCERNING MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on the defendant's **Motion for Summary Judgment and Supporting Brief** [#32], filed November 30, 2007. The plaintiff filed a response [#33], and the defendant filed a reply [#34]. I grant the motion in part, and I deny it in part.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question). However, the defendant argues that I do not have jurisdiction over the plaintiff's hostile work environment and wrongful discharge claims because the plaintiff did not raise these claims in the charges she filed with the EEOC. I resolve these contentions in this order.

### II. STANDARD OF REVIEW

The purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). FED. R. CIV.

P. 56 (c) provides that the court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 250 (1986); **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir.1994). Summary judgment may be granted if the court concludes that no "rational trier of fact" could find for the nonmoving party based on the showing made in the motion and response. **Matsushita Electric Industrial Co. v. Zenith Radio Corp.**, 475 U.S. 574, 587 (1986).

### III. FACTS

Plaintiff, Linda Haithcox, is an African-American female. Haithcox was employed by the defendant, The GEO Group, Inc., from October 31, 2005, to May 11, 2006. GEO operates a detention facility in Aurora, Colorado. This facility detains persons suspected of being illegal aliens while those people await administrative hearings concerning their removal from the United States. Haithcox was employed as a detention officer at the Aurora GEO facility. Detention officers are supervised by employees with the title Lieutenant.

Lieutenant James Horton, a white male, was one of Haithcox's supervisors. Haithcox claims that throughout the time she was employed by GEO, Horton harassed Haithcox by use of profane language, shouting, finger pointing, and invading her zone of privacy. She alleges further that various other circumstances of her employment created a hostile work environment, which hostility was motivated by her race and her sex. On May 3, 2006, Haithcox filed a Charge of Discrimination with the EEOC. *Motion for summary judgment* [#32], Exhibit C. She claimed in this charge that she had

2

been subjected to different terms and conditions of employment and to harassment by her supervisor based on her race and her sex. On March 7, 2006, Haithcox was directed to perform a strip search on a detainee. Haithcox says this order was directed to her in an abusive manner, which included the use of profanity by her supervisor. Haithcox did not perform the search. A short time later she was reprimanded and then terminated. GEO asserts that Haithcox refused to comply with the order to conduct the strip search, and that this is a legitimate, nondiscriminatory basis for her termination.

On May 25, 2006, Haithcox filed a second EEOC charge. *Motion for summary judgment* [#32], Exhibit D. In this charge, Haithcox alleged that she was discharged by GEO in retaliation for her filing of her May 3, 2006, EEOC charge. Haithcox asserts that this second EEOC charge should be read also as asserting a claim that she was discharged based on her sex and her race.

In her complaint, Haithcox asserts four claims for relief based on alleged violations of Title VII. First, she alleges that she was subjected to a hostile work environment based on her sex and her race. Second, she asserts that GEO subjected her to unfavorable terms and conditions of employment based on her sex and her race. Third, Haithcox claims that she was discharged from her employment because of her sex and her race. Fourth, Haithcox claims that she was discharged in retaliation for her filing of her May 3, 2006, EEOC charge.

### IV. EXHAUSTION & JURISDICTION

An employee wishing to challenge an employment practice under Title VII first must file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1); **Ledbetter v. Goodyear Tire & Rubber Co.**, --- U.S. ----, 127 S.Ct. 2162, 2166-67 (2007). The plaintiff's exhaustion of her administrative remedies is a jurisdictional

prerequisite to her suit under Title VII.  ***Shikles v. Sprint/United Management Co.***, 426 F.3d 1304, 1317 (10th Cir. 2005).  A plaintiff's Title VII claim in federal court is limited to the scope of the administrative investigation that reasonably can be expected to follow the discriminatory acts alleged in the charge of discrimination submitted to the EEOC.  ***See Jones v. United Parcel Service, Inc.***, 502 F.3d 1176, 1186 (10th Cir. 2007).  The EEOC charge "must contain facts concerning the discriminatory . . . actions underlying each claim . . . ."  ***Id***.  The defendant argues that I do not have jurisdiction over the plaintiff's hostile work environment and wrongful discharge claims because the plaintiff did not raise these claims in either of the two EEOC charges filed by the plaintiff.

### A.  Hostile Work Environment

Workplace conduct that is so severe or pervasive that it creates a work environment abusive to employees because of their race, gender, religion, or national origin offends Title VII's broad rule of workplace equality.  ***Harris v. Forklift Systems, Inc.***, 510 U.S. 17, 22-23 (1993).  "Whether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances."  ***Id***. at 23. The relevant circumstances include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  ***Id***.

The plaintiff relies in her first EEOC charge, filed May 3, 2006, as having adequately raised her hostile environment claim. *Motion for summary judgment* [#32], Exhibit C.  In that charge, Haithcox alleged that from about December 18, 2005, through May 3, 2006, she was been subjected to different terms and conditions of employment and harassment by her watch commander.  *Id.*  Similarly situated white

4

officers, she said, were not treated in the same manner. *Id.* Specifically, she alleged that she was assigned extra duties "more frequently than other officers," and that she always was told not to wear a non-uniform jacket while on duty, while white officers were allowed to wear such jackets. *Id.* In addition, Haithcox says her watch commander insisted that she return to her workplace a remote control that she accidentally took home from work before her next shift, while such promptness was not required of white officers in similar circumstances. *Id.* Haithcox claims also that she received a written reprimand for not following orders, and notes that a white officer in similar circumstances did not receive a reprimand. *Id.*

While thin, I conclude that the facts alleged in Haithcox's may 3, 2006, EEOC charge are sufficient to include reasonably her claim of hostile work environment. The pattern of supervisory behavior she described in this charge is sufficient to describe at least the bare-bones framework of a hostile work environment based on her race and sex.

### B. Discriminatory Discharge

To establish a claim for discriminatory discharge, the plaintiff must show that she 1) belongs to a protected class; 2) was qualified for her position; 3) was discharged; and 4) was discharged under circumstances that give rise to an inference of unlawful discrimination. Haithcox relies on her second EEOC charge, filed May 25, 2006, as having presented and preserved adequately her discriminatory discharge claim. *Motion for summary judgment* [#32], Exhibit D. One portion of the plaintiff's May 25, 2006, EEOC charge asks the complaining party to indicate the basis of the discrimination alleged in the charge and provides check boxes for each of the relevant bases. In this charge, Haithcox checked only the box labeled "retaliation." *Id.* She did

not check the boxes for race or sex discrimination. *Id.* Haithcox then outlines in the charge the timing of the filing of her first EEOC charge, the defendant's receipt of notice of the charge between May 3 and May 11, 2006, and her discharge on may 11, 2006. GEO argues that this EEOC charge describes only a retaliation claim, and does not include facts that reasonably encompass a discriminatory discharge claim.

Haithcox argues that the intake questionnaire she filled out before filing her May 25, 2006, EEOC charge should be considered also in determining the scope of her charge. In the intake questionnaire, Haithcox checked the boxes for race, sex, and color as the alleged bases of discrimination, but she did not check the box for retaliation. *Response* [#33], Exhibit 9, p. 3. She indicates in the questionnaire that she was discharged on May 11, 2006. *Id.*, p. 4.

The failure to mark a particular box on an EEOC charge creates a presumption that the charging party is not asserting claims represented by that box. **Jones v. United Parcel Service, Inc.**, 502 F.3d 1176, 1186 (10th Cir. 2007). This presumption may be rebutted if the text of the charge clearly sets forth the basis of a claim for which a box is not checked. *Id*. Here, Haithcox seeks to overcome this presumption not with the factual description contained in her second EEOC charge, but with statements in her EEOC intake questionnaire. She says that the EEOC investigator who reviewed Haithcox's intake questionnaire "elected to file the second charge as a retaliation charge," despite the information contained in her intake questionnaire. *Response* [#33], p. 10.

The United States Court of Appeals for the Seventh Circuit has addressed this issue:

> Under the statute . . . it is the charge rather than the questionnaire that

6

> matters. 42 U.S.C. § 2000e-5(b). **See Perkins v. Silverstein**, 939 F.2d 463, 470 (7th Cir.1991). Only the charge is sent to the employer, and therefore only the charge can affect the process of conciliation. What is more, the charge is not the work of a faceless bureaucrat, leaving victims of discrimination helpless to protect themselves. Complainants are free to draft and file charges on their own, or hire attorneys to do so, and a charge drafted by the EEOC's staff is not filed unless the complainant signs it-as [the plaintiff] did. If she had been dissatisfied with the staff's understanding of her answers, all she had to do was point this out and ask for an addition [to the EEOC charge].

**Novitsky v. American Consulting Engineers, L.L.C.**, 196 F.3d 699, 702 (7th Cir. 1999).[1]

I agree with the reasoning in **Novitsky**. Haithcox's checked only the box labeled retaliation in her second EEOC charge. This fact creates a presumption that retaliation is the sole basis of this charge. The facts described in Haithcox's second EEOC charge do not clearly set forth the factual basis for a wrongful discharge claim based on race or sex discrimination. The text of the charge is not sufficient to rebut the presumption that the charge is based only on a claim of retaliation. Under the rationale stated in **Novitsky**, the content of Haithcox's intake questionnaire cannot properly be considered as part of the text of Haithcox's EEOC charge because the questionnaire is not part of the EEOC charge.

The undisputed facts in the record, viewed in the light most favorable to the plaintiff, demonstrate that the plaintiff has not exhausted her administrative remedies as to her discriminatory discharge claim. Haithcox's second EEOC charge, filed May 25, 2006, asserts only a claim of retaliation. There is no adequate factual basis on which I can conclude that this EEOC charge asserts a discriminatory discharge claim. Absent

---

[1] In several unpublished opinions, the United States Court of Appeals for the Tenth Circuit has cited **Novitsky** with approval. **Martin v. Central States Emblems, Inc.**, 150 Fed. Appx. 852, 857 (10th Cir. 2005); **Atkins v. Southwestern Bell Telephone Co.**, 137 Fed. Appx. 115 (10th Cir. 2005).

7

exhaustion of this claim, Haithcox has not satisfied the key prerequisite to this court's jurisdiction over her discriminatory discharge claim. Therefore, the defendant is entitled to summary judgment on the plaintiff's discriminatory discharge claim.

## V.  DISCRIMINATION -  TERMS AND CONDITIONS OF EMPLOYMENT

The defendant argues that the plaintiff cannot establish a prima facie case of discrimination in the terms and conditions of her employment. To establish this claim, the plaintiff must show that 1) she is a member of a protected class; 2) she was subject to an adverse employment action concerning the terms and conditions of her employment; and 3) similarly situated employees who are not members of the protected class were treated more favorably. **Trujillo v. Univ. of Colo. Health Sciences Cetner**, 157 F.3d 1211, 1215 (10th Cir. 1998). The defendant argues that the plaintiff has not come forward with evidence that she was subjected to an adverse employment action. The plaintiff has not responded to this argument.

The plaintiff's May 3, 2006, EEOC charge includes a sworn statement by the plaintiff that she received a written reprimand on March 7, 2006, for failing to comply with an order to conduct a strip search. *Motion for summary judgment* [#32], Exhibit C. Haithcox stated in this EEOC charge that a white, male officer who refused a similar order was not reprimanded. *Id.* In many circumstances, a written reprimand can constitute an adverse employment action. **Roberts v. Roadway Exp., Inc.**, 149 F.3d 1098, 1104 (10th Cir. 1998). Viewing the evidence in the record in the light most favorable to the plaintiff, I must conclude that there is a genuine issue of material fact concerning whether or not Haithcox suffered an adverse employment action related to the terms and conditions of her employment. Therefore, the defendant's motion for summary judgment on the plaintiff's claim of discrimination in terms and conditions of

employment must be denied.

## VI. HOSTILE WORK ENVIRONMENT

The defendant argues that the plaintiff cannot establish a prima facie case of discrimination based on hostile work environment because she cannot come forward with evidence that her workplace was permeated with discriminatory intimidation, ridicule, and insult that was so severe and pervasive that it altered the conditions of her employment and created an abusive working environment. Having reviewed the record, I find that there are one or more contested issues of material fact relating to this claim.

Even if I assume *arguendo* that the defendant may be entitled to judgment on this claim, it is not mandatory that I grant partial summary judgment on such a claim. **See *Powell v. Radkins***, 506 F.2d 763, 765 (5th Cir.), ***cert. denied***, 423 U.S. 873 (1975) (even when there are no material disputed issues of fact as to some issues or claims, a trial court may deny summary judgment as to portions of the case that are ripe for summary judgment). The plaintiff's hostile work environment claim is interrelated with her other claims, and the plaintiff's claims present concatenated issues of fact and law. The piecemeal resolution of the hostile work environment claim will not simplify significantly or extenuate the evidence at trial.

## VII. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant's **Motion for Summary Judgment and Supporting Brief** [#32], filed November 30, 2007, is **GRANTED** as to the plaintiff's discriminatory discharge claim, her third claim for relief;

2. That the plaintiff's third claim for relief, her discriminatory discharge claim, is **DISMISSED** with prejudice;

3. That the defendant's **Motion for Summary Judgment and Supporting Brief** [#32], filed November 30, 2007, is **DENIED** otherwise.

Dated May 30, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**