IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00160-REB-MEH

LINDA E. HAITHCOX,

    Plaintiff,

v.

THE GEO GROUP, INC., a Florida corporation,

    Defendant.

**SUPPLEMENTAL ORDER CONCERNING MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

This matter is before me on the following motions: 1) **Defendant's Motion To Reconsider Order Concerning Motion for Summary Judgment** [#46], filed June 2, 2008; and 2) **Plaintiff's Motion To Reconsider or Clarify the Court's Order Concerning Motion for Summary Judgment** [#47], filed June 2, 2008. The plaintiff has filed a response [#49] to the defendant's motion to reconsider, and the defendant has filed a reply [#54]. The defendant filed a response [#48] to the plaintiff's motion to reconsider. I deny the defendant's motion, and I grant the plaintiff's motion.

## I. DEFENDANT'S MOTION TO RECONSIDER

On May 30, 2008, I issued an **Order Concerning Motion for Summary Judgment** [#44] (Summary Judgment Order). In its motion to reconsider, the defendant asks that I reconsider that portion of my Summary Judgment Order in which I denied the defendant's motion for summary judgment on the plaintiff's claim of discrimination in the terms and conditions of her employment. The defendant argues

that I have misapprehended a key fact concerning this claim.  In denying the defendant's motion for summary judgment on this claim, I noted that the plaintiff's May 3, 2006, EEOC charge includes a sworn statement by the plaintiff that she received a written reprimand on March 7, 2006, for failing to comply with an order to conduct a strip search.  *Summary Judgment Order*, p. 8.  The defendant argues that this statement is inaccurate, and that other evidence in the record demonstrates that it is undisputed that the plaintiff received no such written reprimand.  On this basis, the defendant argues that I misapprehended this key fact.

The defendant's factual contention may well be correct.  However, viewing the evidence in the record in the light most favorable to the plaintiff, as I must, I cannot ignore the plaintiff's sworn statement that she received a written reprimand from her employer.  The defendant cites contrary evidence as well as statements by the plaintiff that she was not disciplined for other issues.  However, the evidence cited by the defendant does not demonstrate conclusively that the plaintiff's statement in her May 3, 2006, EEOC charge is false, or that the plaintiff explicitly has disavowed this statement.  The defendant's motion, therefore, must be denied.

## II.  PLAINTIFF'S MOTION TO CLARIFY

The plaintiff has asserted parallel claims of employment discrimination under both Title VII and 42 U.S.C. §1981.  In its motion for summary judgment [#32], the defendant sought summary judgment on the plaintiff's Title VII discriminatory discharge claim because the plaintiff had not exhausted her administrative remedies as to this claim.  In my Summary Judgment Order, I granted the defendant's motion for summary judgment as to the plaintiff's third claim for relief, her discriminatory discharge claim, because the plaintiff failed to exhaust administrative remedies as to this claim, as

2

required by Title VII. 42 U.S.C. § 2000e-5(e)(1). In my Summary Judgment Order, however, I failed to distinguish between plaintiff's Title VII discriminatory discharge claim and her §1981 discriminatory discharge claim. While the elements of employment discrimination claims under Title VII and §1981 are the same, §1981 does not include a requirement that administrative remedies be exhausted. **Drake v. City of Fort Collins**, 927 F.2d 1156, 1162 (10th Cir. 1991) (elements of claims); **Gross v. Revlon, Inc**., 548 F.2d 405, 407 (2nd Cir. 1976) (§1981 does not include requirement that administrative remedies be exhausted). In her present motion, the plaintiff seeks clarification that summary judgment has not been granted as to her §1981 wrongful discharge claim based on her failure to exhaust administrative remedies.

The plaintiff is correct that her §1981 discriminatory discharge claim is not subject to dismissal based on her failure to exhaust her administrative remedies concerning her discriminatory discharge claim under Title VII. Therefore, the plaintiff's motion to clarify is granted to clarify that the plaintiff's §1981 discriminatory discharge claim has not been dismissed for failure to exhaust administrative remedies. Further, having reviewed the evidence cited by the parties in their briefs concerning the defendant's motion for summary judgment [#32], I find that there are one or more contested issues of material fact relating to her discriminatory discharge claim. Again, even if I assume *arguendo* that the defendant may be entitled to judgment on this claim, it is not mandatory that I grant partial summary judgment on such a claim. **See Powell v. Radkins**, 506 F.2d 763, 765 (5th Cir.), **cert. denied**, 423 U.S. 873 (1975) (even when there are no material disputed issues of fact as to some issues or claims, a trial court may deny summary judgment as to portions of the case that are ripe for summary judgment). The plaintiff's §1981 wrongful discharge claim is interrelated with

her other claims, and the plaintiff's claims present concatenated issues of fact and law. The piecemeal resolution of the §1981 wrongful discharge claim would not simplify significantly or extenuate the evidence at trial.

### III. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant's Motion To Reconsider Order Concerning Motion for Summary Judgment** [#46], filed June 2, 2008, is **DENIED**;

2. That the **Plaintiff's Motion To Reconsider or Clarify the Court's Order Concerning Motion for Summary Judgment** [#47], filed June 2, 2008, is **GRANTED**;

3. That my **Order Concerning Motion for Summary Judgment** [#44], filed May 30, 2008, is **CLARIFIED** to state that the plaintiff's discriminatory discharge claim under 42 U.S.C. §1981, part of her third claim for relief, **REMAINS PENDING** and is not affected by the dismissal of the plaintiff's discriminatory discharge claim under Title VII, also part of her third claim for relief.

Dated June 9, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**