# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 07-cv-00160-REB-MEH

LINDA E. HAITHCOX

    Plaintiff,

v.

THE GEO GROUP, INC., a Florida Corporation,

    Defendant.

_____

## ORDER GRANTING MOTION TO QUASH SUBPOENA

**Blackburn, J.**

The matter before me is the Department of Homeland Security's (DHS) **Motion to Quash** [#60], filed June 12, 2008. The defendant has filed a response [#63]. I grant the motion.

The defendant, The GEO Group, Inc., is a private corporation. GEO contracts with DHS to operate certain detention facilities. The plaintiff was an employee at a detention facility operated by GEO, and this case concerns the plaintiff's claims of unlawful employment discrimination by GEO.

The plaintiff has served a subpoena on John Jameson, an employee of DHS. The subpoena requires Jameson to testify at trial. GEO seeks to have Jameson testify about the date on which Jameson informed a GEO official about the existence of a certain DHS policy that is relevant to the plaintiff's claims. In its present motion, DHS moves to quash the Jameson subpoena because GEO did not comply with the DHS's

regulations that govern such a subpoena.  First, DHS argues that the subpoena was not served on the DHS General Counsel's office, as required by 6 C.F.R. § 5.43.  Second, DHS argues that Jameson cannot be forced to testify under the subpoena because DHS has considered and rejected GEO's request for Jameson's testimony.

DHS's regulations relevant to the subpoena often are called *Touhy* regulations.  This label originated with the case of *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).  In *Touhy*, the Court held that subordinate federal officers can not be held in contempt for failure to comply with a subpoena when the refusal to comply is based on a validly promulgated regulation of the federal agency that employs the subordinate federal officer.  *Touhy*, 340 U.S. at 468 - 470.  Such regulations have the force of law.  *Swett v. Schenk*, 792 F.2d 1447, 1451 (9th Cir. 1986).  Here, there is no claim or indication that the regulations on which the DHS relies were not promulgated validly.

Under 6 C.F.R. § 5.43(a), certain types of subpoenas must be served on the Office of the General Counsel for the DHS.  These subpoenas include any subpoena seeking testimony by a DHS employee concerning information that the DHS employee acquired in the course and scope of the employee's official duties.  In the subpoena at issue here, the defendant seeks to compel testimony from a DHS employee concerning such information.  There is no indication, however, that the subpoena was served on the Office of the General Counsel for the DHS.  The subpoena must be quashed for lack of valid service.

In addition, 6 C.F.R. § 5.44 prohibits a DHS employee from providing testimony concerning information acquired as part of the performance of that person's official duties unless authorized to do so by the Office of the General Counsel. 6 C.F.R. § 5.45 provides procedures for seeking such an authorization, and the plaintiff claims she has

2

complied with those procedures. In response, the DHS denied the plaintiff's request that the DHS permit Jameson to testify. *Motion to Quash* [#60], filed June 12, 2008, Exhibit D. This determination was based on a consideration of the factors outlined in 6 C.F.R. § 5.48. Applying its regulations, the DHS has determined that Jameson's should not be permitted to testify as required in the subpoena. Given this determination, the subpoena is not enforceable. ***Touhy***, 340 U.S. at 468 - 470.

**THEREFORE, IT IS ORDERED** as follows:

1. That the Department of Homeland Security's **Motion to Quash** [#60], filed June 12, 2008, is **GRANTED**; and

2. That the subpoena issued by the plaintiff to John Jameson, an employee of the Department of Homeland Security, directing Jameson to appear before this court to testify in the trial of this matter hereby is **QUASHED** and is of no further force and effect.

Dated June 16, 2008, at Denver, Colorado.

**BY THE COURT:**

s/ Robert E. Blackburn
**Robert E. Blackburn**
**United States District Judge**