**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-00160-REB-MEH

LINDA E. HAITHCOX,

    Plaintiff,

v.

THE GEO GROUP, INC., a Florida corporation,

    Defendant.

# ORDER CONCERNING MOTION FOR REVIEW OF TAXATION OF COSTS

**Blackburn, J.**

    This matter is before me on the defendant's **Motion for Review of Taxation of Costs** [#82][1] filed July 17, 2008. The plaintiff filed a response [#83], and the defendant filed a reply [#84]. I grant the motion in part and deny it in part.

    Rule 54 of the Federal Rules of Civil Procedure provides that "[C]osts other than attorneys' fees shall be awarded as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). Allowable costs are delineated by 28 U.S.C. § 1920. The burden is on the prevailing party to establish that the expenses it seeks to have taxed as costs are authorized by § 1920. *English v. Colorado Department of Corrections*, 248 F.3d 1002, 1013 (10th Cir. 2001); *Griffith v. Mt. Carmel Medical Center*, 157 F.R.D. 499, 502 (D. Kan. 1994). Expenses not specifically authorized by the statute are not recoverable as costs. *Crawford Fitting*

---

[1] "[#82]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

***Co. v. J.T. Gibbons, Inc.***, 482 U.S. 437, 441-42 (1987); ***Bee v. Greaves***, 910 F.2d 686, 690 (10th Cir. 1990). Generally, costs allowable under § 1920 may be awarded for materials necessarily obtained for use in the case. ***Mikel v. Kerr***, 499 F.2d 1178, 1182 - 1183 (10th Cir. 1974). "Whether an item is necessarily obtained for use in a case so that expense therefore may be taxed as a cost calls for a factual evaluation, a task which is committed to the discretion of the trial court." ***Id***. Moreover, even where costs are allowed by statute, the prevailing party still must demonstrate that the amount requested is reasonable. ***See U.S. Industries, Inc. v. Touche Ross & Co.***, 854 F.2d 1223, 1245 (10th Cir. 1988), **overruled on other grounds as recognized by Anixter v. Home-Stake Products Co.,** 77 F.3d 1215, 1231 (10th Cir. 1996).

The taxation of costs under § 1920 is within the discretion of the court. ***See, e.g., Serna v. Manzano***, 616 F.2d 1165, 1167 - 1168 (10th Cir. 1980). However, my discretion to excuse or reduce an award of costs against a non-prevailing party is limited in two ways. First, Rule 54(d) creates a presumption that costs will be awarded to the prevailing party. ***Cantrell v. Int'l Brotherhood of Elec. Workers***, 69 F.3d 456, 458 - 59 (10th Cir. 1995). Second, a district court must state a valid reason for not awarding costs to the prevailing party. ***Id.*** "(T)he denial of costs is in the nature of a penalty." ***Serna v. Manzano***, 616 F.2d 1165, 1167 (10th Cir. 1980). If costs are to be denied, "there must be some apparent reason to penalize the prevailing party. . ." ***Klein v. Grynberg***, 44 F.3d 1497, 1507 (10th Cir. 1995); ***see also Aerotech, Inc. v. Estes***, 110 F.3d 1523, 1526 - 27 (10th Cir. 1997).

In its present motion, the defendant, GEO Group, asks me to review the award of costs [#81] entered by the Clerk of the Court in this case. The defendant argues that

2

there are additional costs for items necessarily obtained for use in this case that were included in the defendant's bill of costs [#77] but were not included in the clerk's award of costs. The defendant seeks additional costs for deposition transcripts, for fees and disbursements for printing, and for a service that operated the court's Trial Director software to accomplish the electronic presentation of the defendant's exhibits at the trial of this case.

### A. Deposition Transcripts

Having considered the arguments and exhibits presented by the parties in the motion, response, and reply, and considering the record of the trial in this case, I conclude that the defendant is entitled to an award of costs for certain depositions transcripts. Specifically, I conclude that the defendant is entitled to an award of costs for the court reporter and transcript fees for the following depositions:

    James Horton -    $557.75

    Chester Evans -    $462.00

    Stanley Rowlett -    $290.50

    James Rethmel -    $374.75

    John Harrison -    $263.75

    Velma Underwood - $377.40

I conclude that the defendant necessarily obtained these depositions for use in this case and that the claimed charges are reasonable. The total of these costs is $2,326.25. These items are not included in the clerk's award of costs [#81].

The defendant seeks also an award of $1,869.45 for costs associated with the deposition of Loretta Perry-Wilborne. Perry-Wilborne was a plaintiff in this case, but her claims were settled prior to trial. The plaintiff, Linda Haithcox, argues that the defendant

3

took Perry-Wilborne's deposition to examine Perry-Wilborne's claims in this case and not to defend against Haithcox's claims. Haithcox claims Perry-Wilborne's deposition was 10 hours long, and the claimed costs are consistent with that assertion. In response, GEO Group says Perry-Wilborne was questioned at length about Haithcox's claims during Perry-Wilborne's deposition. However, nothing in the record provides any basis on which I can determine what proportion of Perry-Wilborne's deposition related to Haithcox's claims. I cannot determine what portion of Perry-Wilborne's deposition necessarily was obtained for use in Haithcox's case. Therefore, I decline to award the cost of her deposition to the defendant as costs under FED. R. CIV. P. 54(d)(1).

### B. Fees & Disbursements for Printing

The defendant seeks an award of costs for fees charged by certain providers who provided copies of Haithcox's medical records, employment records, EEOC documents. The defendant seeks also copying charges related to these documents. In addition, the defendant seeks to recover charges for scanning of documents used as trial exhibits. This scanning was necessary to enable the defendant to present these exhibits electronically at trial.

With the exception of the scanning charges, I conclude that GEO Group necessarily obtained copies of these documents for use in this case, and that the claimed charges are reasonable. I discuss the scanning charges below in my discussion of the costs sought for use of a service that operated the court's Trial Director software. As detailed in GEO Group's motion, the total of these printing charges, minus the scanning charges, is $376.74. These items are not included in the clerk's award of costs [#81].

4

### C. Service To Operate Trial Director Software

GEO Group seeks $5,422.50 in costs for fees it incurred from the vendor Visual Advantage, which operated the court's Trial Director software for the electronic presentation of the defendant's exhibits at trial. GEO Group argues that the court essentially required electronic presentation of the defendant's exhibits at trial, and, thus, this cost necessarily was incurred.

The court often encourages electronic evidence presentation, but does not require it. As the defendant notes, the plaintiff presented its evidence at trial via the court's ELMO system, and not by used of the Trial Director software. No doubt, the ELMO system is imperfect, but it often is used to present evidence in trials. In short, I conclude that the use of the Trial Director software, the use of the Visual Advantage service to operate the software, and the scanning charges (noted above) to prepare documents for use with the software, were not required at the trial of this case. The use of the Trial Director software likely was convenient and helped to streamline the defendant's presentation, but I cannot conclude that it was necessary to the defendant's presentation of its case. Therefore, I conclude that the charges incurred by defendant for its employment of Visual Advantage to operate the Trial Director software, and the charges for scanning documents for use with the software, were not necessarily incurred for the defendant's presentation of its case. On this point, the defendant's motion is denied.

**THEREFORE, IT IS ORDERED** as follows;

1. That the defendant's **Motion for Review of Taxation of Costs** [#82] filed July 17, 2008, is **GRANTED IN PART**;

2.  That under 28 U.S.C. § 1920, the defendant is awarded additional costs in the amount of $2,702.99; and

3.  That the defendant's **Motion for Review of Taxation of Costs** [#82] filed July 17, 2008, is **DENIED** otherwise.

Dated March 23, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge