# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 07-cv-00160-REB-MEH

LINDA E. HAITHCOX,

    Plaintiff,

v.

THE GEO GROUP, INC., a Florida corporation,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION
## FOR NEW TRIAL

**Blackburn, J.**

This matter is before me on **Plaintiff's Combined Motion for a New Trial and Brief in Support Thereof** [#76][1] filed June 26, 2008. The defendant filed a response [#80]. I deny the motion.

The plaintiff, Linda Haithcox, moves for a new trial on her claim of unlawful discharge under 42 U.S.C. § 1981. The defendant, GEO Group, is Haithcox's former employer. Haithcox claims that the jury verdict on her wrongful discharge claim is against the weight of the evidence, and that jury Instruction No. 7 contained an inappropriate mixed motive defense. I disagree.

> In ruling on a motion for a new trial, the trial judge has broad discretion. He has the obligation or duty to ensure that justice is done, and, when justice so requires, he has the authority to set aside the jury's

---

[1] "[#76]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

verdict. He may do so when he believes the verdict to be against the weight of the evidence or when prejudicial error has entered the record.

**McHargue v. Stokes Div. of Pennwalt Corp.**, 912 F.2d 394, 396 (10th Cir. 1990).

"[A] motion for a new trial on the grounds that the jury verdict is against the weight of the evidence normally involves a review of the facts presented at trial, and thus involves the discretion of the trial court." **Escue v. Northern OK College**, 450 F.3d 1146, 1156-57 (10th Cir. 2006) (internal quotation omitted). "Where a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence." **Anaeme v. Diagnostek, Inc.**, 164 F.3d 1275, 1284 (10th Cir. 1999) (internal quotations and citations omitted). The record of the evidence must be considered in the light most favorable to the prevailing party. *Id*. "The jury ... has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact." **Snyder v. City of Moab**, 354 F.3d 1179, 1188 (10th Cir. 2003) (internal quotations and citations omitted).

A motion for new trial may raise errors of law arising out of jury instructions, but a new trial is only warranted where, "having given full respect to the jury's findings and viewing the entire evidence, the trial judge is left with the definite and firm conviction that a mistake has been committed." **Hughes v. Regents of University of Colorado**, 967 F.Supp. 431, 437 (D.Colo.1996) (internal citation omitted). "Generally, courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or substantial justice has not been done." *Id*. Jury instructions must be viewed in their entirely, not as single instructions or parts of instructions. **Hampton v. Dillard**

2

*Dept. Stores, Inc.*, 247 F.3d 109, 1112 (10th Cir. 2001). **See also Hall v. Western Prod. Co.**, 988 F.2d 1050, 1058 (10th Cir.1993) ("The appellate court reviews the jury instructions as a whole, not by reviewing single jury instructions.").

As Haithcox notes, the key contested issue in her discriminatory discharge claim was whether or not Haithcox's race motivated the defendant's decision to terminate her employment. Haithcox is African-American. In her present motion, Haithcox argues that she presented evidence at trial showing that the discipline Haithcox received for failing to follow an order was much more harsh than the discipline received by a comparable white officer for a similar offense. She notes also that she presented evidence which, from Haithcox's perspective, showed that Haithcox was treated less favorably regarding the enforcement of other work rules than were other employees of a different race.

As detailed by the defendant in its response [#80] to Haithcox's motion, the evidence presented at trial did not support Haithcox's claim of racial motivation as decidedly as Haithcox claims. Rather, Haithcox's evidence of racial motivation left much room for debate. The evidence demonstrated substantial and relevant differences between Haithcox and the white officer that Haithcox sought to use as a comparator. These differences included the nature of the work rule violations in question, and the employment records of Haithcox and the other officer. Further, Haithcox's evidence that she was treated less favorably based on her race concerning enforcement of other work rules was, at best, readily debatable on the question of discriminatory motivation. On these points, and on Haithcox's discriminatory discharge claim generally, the jury's verdict was not decidedly or overwhelmingly against the weight of the evidence presented at trial.

3

Jury Instruction No. 7 outlined the elements of Haithcox's discriminatory discharge claim. The third element stated in the instruction, whether Haithcox's "race was a motivating factor in defendant's termination" of her employment, was the key disputed element of that claim at trial. Instruction No. 7 included also the following language:

> In considering essential element number three (3), you must consider the definition of the term "motivating factor," as stated in Instruction No. 8.
>
> If you find by a preponderance of the evidence that plaintiff's race was a motivating factor as stated in essential element number three (3), and if you find also that defendant would have taken the same action to terminate plaintiff's employment even in the absence of any unlawful motive, then your verdict on this claim must be for defendant, and you should so state as you answer Question 1 on the Verdict Form.

Jury Instruction No. 8 said:

> In order to prove that her race was a motivating factor in defendant's decision to terminate her, as set forth in element 3 of Instruction No. 7, plaintiff is not required to prove that her race was the sole motivation or even the primary motivation for defendant's decisions. Rather, plaintiff need only prove that her race played a part in defendant's decisions, even though other factors also may have motivated defendant.
>
> Therefore, to satisfy this element of her claims of intentional race discrimination, plaintiff must prove by a preponderance of the evidence:
>
> 1. That her race made a difference in defendant's decisions to terminate her; or,
>
> 2. That but for her race, defendant would not have terminated her employment.
>
> The mere fact that the plaintiff is African-American and her employment was terminated is not sufficient to establish that race was a motivating factor in her termination.
>
> In determining whether race was a "motivating factor" in defendant's termination decisions affecting plaintiff, you may consider any statements made or acts done or admitted by defendant and all other facts and circumstances in evidence showing state of mind. An improper

4

motive, if it exists, is seldom directly admitted and may or may not be
inferred from the existence of other facts.

Haithcox argues that Instruction No. 7 included an improper mixed motive or pretext plus theory. She claims the quoted portion of Instruction No. 7 was in error and was harmful to her. I conclude that Instruction No. 7, considered with all of the other instructions, did not bring an improper mixed motive or pretext plus theory into this case. Further, in view of all of the evidence presented at trial, the jury readily and reasonably could have concluded that race was not a motivating factor in Haithcox's termination. That conclusion, of course, would preclude consideration of how improper discriminatory motives and other motives may have weighed in the defendant's decision to terminate Haithcox. In short, having given full respect to the jury's findings and having considered all of the evidence presented at trial, I cannot conclude that prejudicial error crept into the record or that substantial justice has not been done based on Haithcox's assertion that part of Instruction No. 7 was in error.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for a new trial [#76] filed June 26, 2008, is **DENIED**.

Dated March 23, 2009, at Denver, Colorado.

                                      **BY THE COURT:**

                                      */s/ Robert E. Blackburn*
                                      Robert E. Blackburn
                                      United States District Judge